UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Derrick L. Forest,

    Petitioner,

v.

State of Minnesota,

    Respondent.

Case No. 23-cv-3716 (PJS/DLM)

**ORDER AND REPORT AND RECOMMENDATION**

---

This matter comes before the Court on pro se Petitioner Derrick L. Forest's (1) Petition for Habeas Corpus (Doc. 1) and (2) Motion to Stay Habeas Corpus (Doc. 2). For the following reasons, the Court denies the motion to stay and recommends denying the petition and dismissing this action without prejudice.

## BACKGROUND

In December 2019, Mr. Forest was charged with one count of second-degree murder in violation of Minnesota Statute Section 609.19, subdivision 1(1). *State v. Forest*, Complaint at 1, No. 27-cr-19-32094 (Minn. Dist. Ct. Dec. 30, 2019).[1] A grand jury later indicted Mr. Forest and added one count of first-degree murder (in violation of Minn. Stat. § 609.185(a)(1)). *State v. Forest*, Indictment at 11, No. 27-cr-19-32094 (Minn. Dist. Ct.

---

[1] Various documents cited in this Order and Report and Recommendation that are from Mr. Forest's state-court matter do not appear in this action's docket. Because these documents are public court records, the Court can take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Riggan v. Bureau of Prisons*, No. 23-cv-3817 (JMB/DTS), 2024 WL 665942, at *1 n.1 (D. Minn. Jan. 10, 2024) (collecting cases).

June 4, 2020). After a trial, a jury convicted Mr. Forest of second-degree murder. *State v. Forest*, Verdict at 2, No. 27-cr-19-32094 (Minn. Dist. Ct. July 7, 2020); *State v. Forest*, No. A20-1382, 2022 WL 1446924, at *2 (discussing trial).) In August 2020, Mr. Forest was sentenced to 386 months of imprisonment. *State v. Forest*, Ord. and Warrant of Commitment at 1, No. 27-cr-19-32094 (Minn. Dist. Ct. Aug. 3, 2020); *Forest*, 2022 WL 1446924, at *2.

Mr. Forest appealed his conviction, but the Minnesota Court of Appeals granted a motion to stay his direct appeal while he also sought postconviction relief in the trial court. *Forest*, 2022 WL 1446924, at *2. Mr. Forest's trial court denied his postconviction-relief petition in August 2021, and after dissolving the stay, the Minnesota Court of Appeals affirmed Mr. Forest's conviction in May 2022. *State v. Forest*, Ord. Denying Pet. for Postconviction Relief at 1, No. 27-cr-19-32094 (Minn. Dist. Ct. Aug. 23, 2021); *Forest*, 2022 WL 1446924, at *1–2. The Minnesota Supreme Court denied Mr. Forest's petition for further review in August 2022. *State v. Forest*, Ord. at 1, No. 27-cr-19-32094 (Minn. Dist. Ct. Aug. 9, 2022).

Mr. Forest filed a second postconviction-relief petition in August 2023. *State v. Forest*, Pet. for Post-Conviction Relief [and] Evidentiary Hr'g, No. 27-cr-19-32094 (Minn. Dist. Ct. Aug. 23, 2023). The court denied that petition in an order dated January 16, 2024, followed up with a memorandum of law on February 2, 2024. *State v. Forest*, Ord. and Mem. of Law Denying Pet'r's Pet. for Postconviction Relief and Evidentiary Hr'g, No. 27-cr-19-32094 (Minn. Dist. Ct. Feb. 2, 2024).) Mr. Forest has filed a notice of appeal concerning that order, and the resulting appeal is presently an open proceeding before the

2

Minnesota Court of Appeals. *State v. Forest*, Not. of Case Filing at 1, No. 27-cr-19-32094 (Minn. Dist. Ct. Feb. 15, 2024); Docket, *Forest v. State*, No. A24-0264, *available at* Minnesota Appellate Courts, Case Management System, https://perma.cc/XQL2-Y3PB (last accessed Mar. 14, 2024).)

This Court received Mr. Forest's petition in this action on December 4, 2023. (Doc. 1 at 1.[2]) The petition raises three sets of challenges to Mr. Forest's conviction, although by the Court's count, there are twelve challenges in total. (*See id.* at 2.) Generally speaking, Mr. Forest raises seven challenges alleging ineffective assistance of trial counsel, one argument that the trial court failed to give a key jury instruction, and four arguments suggesting ineffective assistance of appellate counsel. (*See id.*)

Along with his petition, Mr. Forest also moved for a stay. This motion asks the Court to stay this action "to allow the [state] district court time to rule on [Mr. Forest's] pending motion for Post-Conviction Relief." (Doc. 2 at 1.[3]) At the end of the motion, however, Mr. Forest states that what he actually wants is for his petition to "be stayed or withdrawn whichever is more appropriate." (*Id.* at 2.)

---

[2] For context, Mr. Forest filed the petition here after the state-court parties had completed their briefing for the Second Postconviction-Relief Petition, but before the state district court had denied the petition. *See, e.g.*, Reg. of Actions, *State v. Forest*, No. 27-cr-19-32094 (Minn. Dist. Ct.).

[3] As the discussion above indicates, the state district court has completed its review of the Second Postconviction-Relief Petition. The Court therefore construes Mr. Forest as now seeking a stay while Minnesota's appellate courts address that petition.

## ANALYSIS

As a preliminary matter, the motion to stay explicitly states that the petition raises certain grounds that have not been exhausted. (*See, e.g.*, *id.* at 1; *cf.* 28 U.S.C. § 2254(b)(1) (imposing exhaustion requirement).) Assuming that at least one of the petition's other grounds were properly exhausted in earlier state-court proceedings, Mr. Forest's petition is a so-called "mixed petition." *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (defining mixed petitions as "those with exhausted and unexhausted claims"). The Supreme Court has made clear that, generally, "federal district courts must dismiss mixed habeas petitions." *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); *see also, e.g.*, *White v. Dingle*, 616 F.3d 844, 846 (8th Cir. 2010) (making same point (quoting *Lundy*)). That means that this Court cannot address the merits of Mr. Forest's petition at present.

Mr. Forest's motion to stay anticipates this point, stating that Mr. Forest is currently trying to exhaust relevant grounds in state-court proceedings. This leaves the question of whether the petition should be stayed or withdrawn during those state proceedings.

The Supreme Court has held that a "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Specifically, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and furthermore, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

4

In this case, the Court concludes that Mr. Forest has not shown good cause for entering a so-called "*Rhines* stay." Mr. Forest's concern here, of course, is 28 U.S.C. § 2244(d)'s relatively short limitations period for § 2254 petitions. Under § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." As relevant here, this limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

Mr. Forest's limitations concern is reasonable. His direct appeal ended with the Minnesota Supreme Court's decision—entered August 9, 2022—to deny his petition for further review. There is no record that Mr. Forest asked the United States Supreme Court to issue a writ of certiorari after the Minnesota Supreme Court denied his petition. In such a situation, the "judgment becomes final" for § 2244(d)(1) purposes "when the time for pursuing direct review in [the United States Supreme Court] . . . expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *see also, e.g.*, *Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015). In May 2022, the deadline for petitioning for a writ of certiorari to the U.S. Supreme Court was "90 days after entry of the order denying discretionary review." U.S. Sup. Ct. R. 13(1). For Mr. Forest, that 90-day period ended on November 7, 2022. Following § 2244(d)(1), one year from that date is November 7, 2023. Mr. Forest filed the petition on or about December 4, 2023, so considering § 2244(d)(1) alone, the petition is untimely.

Under § 2244(d)(2), however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

5

or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." In the Court's view, the Second Postconviction-Relief Petition appears to be just such a "properly filed application."

The Second Postconviction-Review Petition had nine grounds. *See, e.g.*, Second Postconviction Relief Pet. at 1–2; *see also, e.g.*, Feb. 2024 Order at 4–5.[4] The state district court denied the first seven grounds as "procedurally barred" under *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976). Feb. 2024 Order 6. Under *Knaffla* and related caselaw, the state district court noted, "all claims known at the time of the appeal[] and all claims that should

---

[4] The state district court categorized the nine grounds as follows:

1. Ineffective assistance of trial counsel based on counsel's failure to (a) interview witnesses, (b) conduct an adequate investigation, and (c) inquire into Petitioner's claims;
2. Ineffective assistance of trial counsel based on counsel's failure to request an Accomplice Liability jury instruction;
3. Ineffective assistance of trial counsel based on counsel's failure to file a *Brady* violation;
4. Ineffective assistance of trial counsel based on counsel's failure to move for a mistrial or corrective instruction after the prosecution made improper comments during closing arguments;
5. Ineffective assistance of trial counsel based on counsel's failure to develop or argue an affirmative defense;
6. Abuse of discretion by the District Court based on its failure to give an Accomplice Liability jury instruction sua sponte;
7. Violation of Petitioner's Equal Protection rights based on the State's behavior;
8. Ineffective assistance of appellate counsel based on counsel's failure to request and adequately review all records associated with Petitioner's case;
9. Ineffective assistance of appellate counsel based on counsel's failure to collect and preserve evidence of witnesses presented to them in August of 2023.

Feb. 2024 Order at 4–5.

6

have been known at the time of the appeal will not be considered in a subsequent petition for postconviction relief." *Id.* Noting certain exceptions to Minnesota's *Knaffla* rule, the state district court held that they did not apply, concluding that these seven grounds were *Knaffla*-barred. *Id.* at 9.

Critically, though, this denial does not mean that the Second Postconviction-Relief Petition was "improperly filed" (even as to its first seven grounds). In *Artuz v. Bennett*, the Supreme Court held that a rule like *Knaffla*'s is a "rule of decision for a court" confronted with certain sorts of claims, but not "a condition to filing." 531 U.S. 4, 10–11 (2000). Running afoul of this sort of decisional rule might doom a claim in state court, but that does not make a postconviction-review application relying on the claim "improperly filed." *Id.*; *see also, e.g.*, *Foster v. Fabian*, No. 7-cv-4317 (JRT/JJG), 2009 WL 921063, at *15 n.6 (D. Minn. Mar. 31, 2009) (finding a petition properly filed even though state court had determined that "at least some of [the petitioner's] claims were barred because they were raised, or should have been raised, on direct appeal or in prior collateral petitions" (quoting *Artuz*)).

As for the last two grounds of the Second Postconviction-Relief Petition, the state district court denied them on the merits. Feb. 2024 Order at 19–21. There is no hint from the record that Mr. Forest's Second Postconviction-Relief Petition was "improperly filed" with respect to those claims.

The Court therefore concludes that the Second Postconviction-Relief Petition was "properly filed" for purposes of § 2244(d)(2)—meaning that it tolled the § 2244(d)(1) deadline for Mr. Foster to file a § 2254 petition in federal court. Mr. Forest filed the Second

7

Postconviction-Relief Petition on August 23, 2023, well within the § 2244(d)(1)'s deadline of (approximately) November 7, 2023.

The upshot is that once the Minnesota courts finally resolve the Second Postconviction-Relief Petition, Mr. Foster should have adequate time to file a § 2254 petition in federal court. While he should not unnecessarily delay the filing, he will not face a deadline of mere days, or even two or three weeks. The Court therefore concludes that Mr. Foster has not shown good cause for a *Rhines* stay.

In summary, then, the Court denies the motion requesting a *Rhines* stay and recommends dismissing the petition without prejudice for lack of jurisdiction. As a final point, the Court considers whether to grant Mr. Forest a certificate of appealability ("COA"). A district court cannot grant a COA unless a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing in this context, Mr. Forest must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that it is unlikely any other court, including the U.S. Court of Appeals for the Eighth Circuit, would disagree with the Court's conclusions here. The Court therefore recommends that no COA be issued to Mr. Forest.

### ORDER

Based on the above, and on all the files, records, and proceedings in this action, **IT IS ORDERED** that Mr. Forest's Motion to Stay Habeas Corpus (Doc. 2) is **DENIED**.

## RECOMMENDATION

Furthermore, based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that:

1. Petitioner Derrick L. Forest's (1) Petition for Habeas Corpus (Doc. 1) be **DENIED**;

2. This action be **DISMISSED WITHOUT PREJUDICE**; and

3. No certificate of appealability be issued.

Date: March 15, 2024         *s/Douglas L. Micko*
                             DOUGLAS L. MICKO
                             United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. L.R. 72.2(b)(2). All objections and responses must comply with the word or line limits set for in L.R. 72.2(c).